GEOFFREY L. GILES
State Bar Number 959
527 California Ave.
Post Office Box 93
Reno, NV 89504

775.329.4999

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ADIL BAEZA and NAJWA ELBAHI BAEZA,

        Plaintiffs,

-vs-

BANK OF AMERICA N.A. and RECONTRUST COMPANY MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. and DOES 1 thru 10, inclusive,

        Defendants.

_____/

Case: 3:11-cv-767-RJC-VPC
[removed from: CV11-02790]

**REPLY TO DEFENDANTS OPPOSITION TO MOTION TO REMAND OR IN THE ALTERNATIVE, TO ABSTAIN**
[non-dispositive]

    Come now plaintiffs ADIL BAEZA and NAJWA ELBAHI BAEZA [hereinafter referred to as "Baeza"] by and thru their attorney of record, Geoffrey Giles, Esq., who lodge the instant reply to defendants' BANK OF AMERICA [BAC], RECONTRUST COMPANY [RECON] and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS [MERS], Opposition to Plaintiffs' Motion to Remand, which was filed on November 28, 2011.

**POINTS AND AUTHORITIES**

**1.    Introduction.**

    Plaintiffs set forth their arguments for remand in the opening brief. This reply is structured to rebut the contentions of defendants in their opposition on a factual and legal basis. Counsel for plaintiffs

will endeavor to show, why it is both impractical for the federal courts to hear matters like this, and why the doctrine of abstention should be applied. The essence of the argument is two fold; first there is no federal jurisdiction, and second; that in the event the court determines that subject matter jurisdiction exists, the court should abstain from hearing the matter, nevertheless.

**2.      Federal Question Jurisdiction is Lacking**.

While defendants have contended that this is both a federal Fair Debt Collection Practice Act [FDCPA] case, and a federal Fair Credit Reporting Act [FCRA] case, this is simply not so. Resolution of the matter does not require the consideration of federal law, except in a very tangential way. A careful review of the complaint makes clear that plaintiffs have alleged wrongdoing for violations of the Unfair and Deceptive Trade Practice act [UDAP], NRS 598.0925, and not under any particular federal statutes. Violations of federal law only constitute <u>predicate acts</u> that trigger the UDAP statute, but do not implicate the federal counterparts directly.

A review of the complaint reveals that the seventh (7th) cause of action sounds in NRS 598.0923(3), making the plaintiffs victims of fraud under NRS 41.600(e)(2). The federal statute allegedly violated the so-called "furnisher liability"[1] under the FCRA, but only as a predicate for Nevada's UDAP law. The same activity is also the basis for other state law claims. If this were an FCRA case, then certainly the plaintiffs would have alleged statutory damages of $100-$1,000.00, which they failed to do. All they have done is allege that BAC furnished inaccurate credit information about them, and the proximate harm it caused.

This does not make it a federal case. To be a federal case, the plaintiffs would have had to allege that they demanded the credit reporting agencies 'reinvestigate' the inaccurate credit entries, and that BAC failed to take action to correct them, after being requested to do so by those agencies. This is an

---

[1] Furnisher Liability under 15 U.S.C. Sec.1681s-2(b) is established under the FCRA by demonstrating that not only did the creditor report inaccurate information to a credit bureau, but that the borrower attempted to rectify the situation by initiating a 'reinvestigation'. That means that the borrower first contacted the credit bureau with the inaccurate report, and the credit bureau in turn, contacted the reporting creditor with the information. This is akin to an administrative exhaustion of remedies, before suit. None of that has been alleged here.

absolutely necessary prerequisite to a federal claim for relief, which <u>they did not allege</u>.  All kinds of routine torts could be bootstrapped into federal court on such a tenuous, and specious nexus.  This might really open the floodgates of litigation.  For instance; medical collection suits might be removed under HIPAA [Health Insurance Portability Act of 1996], automobile accidents on interstate freeways could be removed under the Federal Aid Highway act of 1956 [PL 84-627] or possibly even probate cases where the decedent's estate contained  federal proceeds or was entitled to federal death benefits, could be removed under the Social Security Act of 1965, are to mention just a few absurd examples.

In the eighth (8th) cause of action a technical violation of the FDCPA also operated as a predicate for state UDAP relief.  Failing to have the appropriate license is just such a predicate act, federal court holdings that foreclosure trustees are not 'debt collectors', not withstanding.  This Honorable Court has already recognized a split of authority in this district between the various judges on a closely related issue.  In the case of; **Chase v. United Residential Mortgage**, ___F. Supp 2d___, 2011 WL 198008, this court has previously refused to remand a state law UDAP claim, based upon a federal predicate, when other federal judges in this district do so.  In **Chase**, *supra* this court noted the difference between how Judge Mahan and Judge Hicks approached the same problem, albeit in diametrically opposed fashions.  Courts with divergent policies on known issues can incite the worst examples of forum shopping defendants.

In the Ninth Circuit Court of Appeals there is a policy of one panel not being able to overrule the holding of another panel, and that is a wise rule.  The solution in the Ninth Circuit is to hear such case *en banc*.  It is perhaps the case that a similar process in the district court, would alleviate this problem, and insure consistency between decisions and judges.  It is important for the private bar to know how a particular issue will be addressed.  As a general matter, this is true in every kind of case.  This facilitates settlements before suits are filed, and facilitates litigation later, because everyone involved in the process knows what to expect.

It is respectfully suggested that the present situation is intolerable, in light of the court's ability to abstain.  The fact of the matter is that there are no decisions that can be considered of precedential value in so far as lower courts can be bound by them, on the state foreclosure law matters before this

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

Page 3 of  11

court. The results a litigant might expect are a function of to which judge a particular case is assigned, and this is an entirely arbitrary result. It has turned notice pleading into a form of gamesmanship, which is something the Federal Rules of Civil Procedure were designed to prevent in the first place. This casts a pall on the entire judicial system. It is most especially true, in light of the right of a plaintiff, in state court, to file a one time peremptory challenge of any Judge under SCR 48.1. A party can not do this in federal court.

**3.    There is No Diversity Jurisdiction Because the Amount in Controversy has Not Been Met.**

Counsel for defendant RECON, states that his client is a citizen of California for diversity purposes, despite the way in which it holds itself out on the Nevada Secretary of State's website. Counsel for plaintiffs will accept that representation, and not belabor the point, except to say that when the framers of the Constitution adopted Article III, Section 2, they probably did not mean to transmute corporations into "citizens".

Nevertheless, the amount in controversy portion of the argument needs to be addressed, because there has been no claim for $75,000.00, or anything close to it. The plaintiffs have not pled they are entitled to a 'free house', nor that it should be somehow 'lien stripped'. They have alleged that a non-judicial foreclosure was commenced when there was no right to do so, and clearly the bank has agreed with this contention, because it rescinded the Notice of Default and Election to Sell [NOD].

The plaintiffs have alleged they have been damaged by an amount more than $10,000 and less than $75,000. The argument of defense counsel that the mortgage totals a sum in excess of $75,000 entirely misses the point. This lawsuit has little to do with the amount of the mortgage, only the caviler way in which defendants attempted to dispose of it. It does have something to do with RECON and BAC's slovenly procedures in administering the mortgages that they have been designated to administer on behalf of investors. These actions have consequences. It is clear from the documents attached to the complaint and the motion to remand, that BAC and RECON had no apparent authority to commence

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

a foreclosure, and this cause of action has been recognized by this court in; ***Weingartner v. Chase Home Finance*** ___F.Supp 2d___, 2010 WL 1006708.

All the complaint[2] asks for in this case, is that BAC not foreclose again, until such time as it can establish authority to do so. The injunction request in the complaint is moot until the event of default, and merely becomes a request for declaratory relief. Indeed, the newly enacted AB284 provides that all this information must now be provided in affidavit form, along with the NOD, when a foreclosure is commenced. Thus, in reality, the plaintiffs have asked for no affirmative relief from BAC, much less a sum in excess of $75,000. In as much as they are current, and any possible foreclosure would happen at some point in the future, there is no reason to use the balance of the mortgage as a measuring devise to establish diversity jurisdiction.

**4.     The Abstention and the Specific Doctrines Mentioned by Defendants.**

The defendants point out that the Ninth Circuit Court of Appeals has held that district courts have a "virtually unflagging obligation... to exercise the jurisdiction given them"-at pp 6, lines 17-18 of the objecting brief. It is likewise a truism that federal courts do not have a roving charter to engage in 'trailblazing initiatives', when it comes to unanswered questions of state law. This was addressed in the plaintiffs' opening brief, pp 4-5, in connection with a much more recent opinion; Cf.***Cervantes v. Countrywide Home Loans***, 656 F.3d 1034 (9th Cir. 2011). Counsel for the plaintiffs has endeavored to demonstrate why public policy dictates that abstention be exercised in these circumstances. Wrongful

---

[2] The term 'wrongful foreclosure' has been much discussed of late, and numerous federal courts have held that moniker inappropriate unless the plaintiff can plead and prove, that he or she is contractually current on the mortgage payments; ***Thomas v Wachovia,*** 2011 WL 3159169, (D. Nev. 7/25/11), ***Simon v. Bank of America,*** 2011 WL 2609436, (D. Nev. 6/23/11) and ***Pimentel*** v. ***Countrywide***, 2011 WL 2619093 (D. Nev. 7/1/11), citing; ***Collins v. Union Fed. S&L***, 99 Nev. 284 (1983). One commentator has found the application of the one and only Nevada Supreme Court case on the subject by the federal courts, to be needlessly harsh, and frequently done without discussion; PROPERTY TITLE TROUBLE IN NON-JUDICIAL FORECLOSURE STATES; THE *IBANEZ* TIME BOMB? by Prof. Elizabeth Renuart, http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1968504. at 45. [this article was too large to be attached as an exhibit, and is available from counsel upon request.]

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

foreclosure/quiet title type cases, it is respectfully submitted, should come within the 'virtual' portion of the aforesaid 'unflagging obligation'.

Plaintiffs agree with defense counsel in that the burden rests with them to show how and why abstention applies. If *Burford* type abstention is to be applied in the way defendants suggest, then it may be a very cogent argument for the position advocated by plaintiffs; that this case be remanded. The third prong of the *Burford* test, as formulated by defendants, is; "(3) that federal review might disrupt state efforts to establish coherent policy"-at pp 7, lines 5-6, of defendants' memorandum.  If this be the test, then plaintiffs prevail.  The other two (2) prongs, seem unrelated due to the factual differences in the cases, as there is no comprehensive system of state regulation in place[3].

In Nevada, federal jurisprudence has completely supplanted state consideration of these kinds of issues.  To the best of counsel's knowledge, none of the novel and particularized questions of state foreclosure law has come to the attention of the Nevada Supreme Court since the foreclosure crisis began, some 2-3 years ago. Footnote 7 on page 8 of plaintiffs' opening brief provided a non-exhaustive list of some of these issues.  It is important that these be resolved by state courts.

Rather, federal courts have repeatedly addressed them with non-binding holdings, in the recent past. This has occasionally been done with a lack of consistency[4], and one can only wonder; to what end?  Do the federal courts intend to take over the administration of non-judicial foreclosures in place of the state courts on all these cases?  Does it plan to do so until the crisis is over?  Will they preside over the inevitable Unlawful Detainer cases that will be removed from the Justice Courts?   It makes

---

[3] In the opening brief, the plaintiffs argued that state authorities had determined that Nevada collection law required a license of non-resident foreclosure trustees, see footnote 4 & 5, page 6. That cease and desist order was appealed and remains undecided to date, however at the oral argument on the matter, counsel for the foreclosure trustee [Quality Loan Servicing], had the temerity to argue that the Nevada Supreme Court oversees non-judicial foreclosures in Nevada, despite the removal statistics.

[4] In **Chase v. United Residential Mortgage**, 2011 WL 198008 (D. Nev. 2011), this court cited to two (2) separate cases; **Mest v. Wash Mut. F.A.** 2010 WL 3025209 and **Atkinson v Homecomings Fin**. 2010 WL 3271741, that came to contrary conclusions about state law.  In this case whether a federal violation constitutes a predicate act for a Nevada UDAP claim.

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

very little sense from a jurisprudential standpoint, to 'flesh out' a body of law with a series of decisions that do not constitute binding authority on anyone. That is the job of the Nevada Supreme Court and it can just as easily be done by the certification of the question, as it can by remand.

Indeed, what is the purpose of publishing these opinions, in light of; **Leavitt v. Jane,** 518 U.S. 137, 146, 116 S.Ct. 2068, 2073 (1996), and **Custom Cabinet Factory of New York v. The Eighth Judicial Dist. Court ex rel. County of Clark**, 119 Nev. 51, 62 P.3d 741 (2003). They can only be used to form the basis of other federal decisions. As this *corpus* of law develops, later decisions incorporate and cite to prior, non-binding cases from federal courts, as though they were of precedential value. This becomes increasingly ever more untenable because the decision not to remand a particular case is not subject to appellate review. This is a recipe for misadventure.

*Younger* type abstention was also cited by defendants, and may give some aid and comfort to plaintiffs. The statistical memorandum, attached to this brief, reveals that there has been a wholesale removal of these kinds of cases. For calendar year 2011 there is only a 2% statistical chance[5] of any one particular case being remanded. This really does amount to a *de facto* injunction against the courts of Nevada, that is done at the behest of bank counsel.

The constitutional right to do so, asserted by bank counsel, must be rebuffed, unless the federal judiciary is prepared to administer a federal judicial review system of Nevada's non-judicial foreclosure laws. At present between 12 and 13% of the federal case load is cases of this kind, which shows not sign of abating. Counsel for the plaintiffs has compiled statistics on all the foreclosure cases removed in the District of Nevada, Northern Division, for the purpose of illustrating the extent to which the mortgage servicer defense bar has usurped state court prerogatives in deciding these cases.

Abstention is a judge-made discretionary doctrine that should be applied here. In that connection, counsel would take this opportunity to draw this Court's attention to the case of; **Tomiyasu v. Golden**,

---

[5] Please see Exhibit 1, page 6 of the; 'Summary of Foreclosure Cases Removed to Federal Court During the Period of January 1, 2011 thru November 1, 2011, attached hereinafter.

358 F.2d 651 (9th Cir. 1966). There the Ninth Circuit Court of Appeals required abstention for the District Court sitting in diversity because the questions were peculiar to state law and because of the unusual circumstances of the case involving multiple prior determinations, citing; **Thompson v. Magnolia Petroleum Co.**, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1939)[6]. In the case of; **Meredith v. City of Winter Haven**, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943), the Supreme Court noted that the difficult and unanswered nature of local questions in federal courts is not, however, alone sufficient cause for abstention in favor of state jurisdiction, but one of the factors[7] to be considered.

Thus, it is essentially a matter of the weight this Honorable Court gives the doctrine. The decision to not remand is doubly important because it is not reviewable. The Nevada foreclosure statute NRS 107.080(5)(a) provides that courts of "competent jurisdiction" may set aside foreclosure sales if the statute was not substantially complied with. One can only speculate if, by that term, the legislature meant federal courts. As it stands, federal courts are the only courts of competent jurisdiction addressing these cases.

**Conclusion.**

For the foregoing reasons there is no federal jurisdiction to support removal to this court, and for reasons of comity, the matter should remanded to the Second Judicial District Court where it can be adjudicated. This Court should make an award of attorney fees to the Baezas for having to defend

---

[6] In that case the United States Supreme Court recognized that in some exceptional circumstances difficult and unanswered questions of state law should be deferred to state forums, and in that case directed a federal District Court sitting in bankruptcy, to submit to state courts any unsettled questions of state property law that were pending in the federal action

[7] Another factor that is worthy of mention, but will probably not be applicable in this case, is S. 1636, the "*Federal Courts Jurisdiction and Venue Clarification Act of 2011*", which passed in the House and Senate October 17, 2011, and becomes effective thirty (30) days after the President signs it. [This is a bipartisan bill that is expected to be signed.] This is a jurisdiction limiting statute that seems to provide for the severance and remand of state law claims under certain circumstances.

this case in federal court.

Respectfully submitted this 7th day of December, 2011

**Affirmation**

This document does not contain the social security number of any person.

/s/ Geoffrey Giles
_____
GEOFFREY L. GILES, Esq.

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

**LIST OF EXHIBITS**

1) Summary of Foreclosure Cases Removed to Federal Court

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999

**CERTIFICATE OF SERVICE**:

Under the penalty of perjury the foregoing statement is true and correct:
 That I am an employee of Geoffrey L. Giles and on December 7, 2011, That those parties participating in the ECF Electronic Case filing program have been sent a copy of this document by eMail. Those parties not so participating have been mailed a copy of the foregoing document to the following interested parties via first class mail:

/s/ Ginger De'Hart

_____

Ginger De'Hart

Ariel Stern, Esq.
AKERMAN SENTERFITT LLP
400 S. 4TH Street, #450
Las Vegas, NV 89101

Geoffrey L. Giles and Associates
Post Office Box 93
Reno, Nevada 89504
775.329.4999