**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADIL BAEZA and NAJWA ELBAHI BAEZA,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES I though X, inclusive,<br><br>Defendants.<br>_____ | 3:11-cv-767-RCJ-WGC<br><br>**ORDER** |

Currently before the Court is the plaintiffs' motion to remand to Nevada state court (#6). For the following reasons, the plaintiffs' motion to remand (#6) is denied.

**BACKGROUND**

Plaintiffs Adil Baeza and Najwa Elbahi Baeza ("Plaintiffs") are the owners of a condominium located at 1404 E. 9th Street #6, Reno, Nevada (the "Property"). (Compl. (#1-1) at 3). To finance the purchase of the Property, on December 8, 2006 Plaintiffs obtained a $120,000.00 loan from Nevada Federal Credit Union, which was secured with a deed of trust encumbering the Property (the "Deed of Trust"). (Deed of Trust (#14-2) at 1-2). The Deed of Trust listed Nevada Federal Credit Union as lender, Ticor Title of Nevada as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee and beneficiary. (*Id.*).

At some point the note was transferred from Nevada Federal Credit Union to the Federal National Mortgage Association and/or Defendant Bank of America. (Compl. (#1-1) at 3). Bank of America began servicing the loan and Plaintiffs began to pay the regular

monthly payments to Bank of America. (*Id.* at 4). Plaintiffs later fell behind on their mortgage payments and entered into a permanent loan modification with Bank of America, which reduced the stream of payments to be made by Plaintiffs. (*Id.*). Despite this modification and the fact that Plaintiffs had paid each payment set forth under the modification, Bank of American sent Plaintiffs an acceleration letter on July 19, 2010. (*Id.*). On October 18, 2010, Defendant ReconTrust Company, N.A. ("ReconTrust") recorded a notice of default and election to sell on behalf of MERS. (*Id.* at 5). On October 21, 2010, MERS formally assigned the Deed of Trust to BAC Home Loans Servicing, LP.[1] (*Id.*).

Plaintiffs elected for foreclosure mediation on October 22, 2010. (*Id.* at 6). On January 10, 2011, First American National Default rescinded the notice of default that was filed on October 18, 2010 by ReconTrust. (*Id.*). On January 19, 2011 a paralegal from the law firm Wright, Finlay & Zak sent Plaintiffs' counsel an email stating that the notice of default had been rescinded and recommended the mediation be taken off the calendar. (*Id.* at 7). Bank of America then did not attend the foreclosure mediation. (*Id.*).

On September 21, 2011, Plaintiffs filed their complaint in Nevada state court against Bank of America, ReconTrust, and MERS (collectively "Defendants"). (*Id.* at 1). The complaint alleges ten causes of action, including: (1) wrongful foreclosure; (2) slander of title; (3) the tort of outrage; (4) failure to follow statutory scheme; (5) breach of contract; (6) abuse of process; (7) consumer fraud; (8) unlicensed debt collection; (9) defamation/libel; and (10) negligent infliction of distress. (*Id.* at 8-11). Defendant Bank of America is a resident of North Carolina and MERS is a resident of Delaware. (Opp'n to Mot. to Remand (#14) at 2). The residency of ReconTrust is in dispute. A Nevada Secretary of State webpage showed ReconTrust as a dissolved Nevada corporation in 2007, but a list of national banks from the Office of the Comptroller of the Currency lists ReconTrust as a resident of California as of October 31, 2011. (Nat'l Bank List (#14-3) at 15).

---

[1] BAC Home Loan Servicing later changed its corporate name to that of its parent company, Bank of America. (Compl. (#1-1) at 2 n.1).

This case was removed to federal court on October 21, 2011. (Pet. for Removal (#1)). Defendants then moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on October 28, 2011. (Mot. to Dismiss (#3)). Plaintiffs filed a motion to remand to Nevada state court on November 10, 2011 and moved to extend time to file a response to Defendants' motion to dismiss until the Court ruled on Plaintiffs' motion to remand. (Mot. to Remand (#6); Mot. to Extend Time (#4)). Plaintiffs' request to extend time to file a response to Defendants' motion to dismiss was granted by minute order on November 22, 2011. (Minute Order (#10)). Accordingly, the only matter presently before this Court is Plaintiffs' motion to remand.

## LEGAL STANDARD

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the Court has original jurisdiction. The party seeking removal bears the burden of establishing jurisdiction. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). If a case is removed and the federal court lacks jurisdiction over the matter, the federal court must remand the case to state court. 28 U.S.C. § 1447(c). The removal statutes are to be construed restrictively and any doubts about the right of removal is resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" (known as federal question jurisdiction). 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). If federal question jurisdiction exists as to certain claims but not others, the federal court has supplemental jurisdiction over any state-law claims

that are so related to the claims over which it has original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a).

Federal courts also have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of different States" (known as diversity jurisdiction). 28 U.S.C. § 1332(a)(1). Accordingly, for the federal court to have diversity jurisdiction over a matter, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. *Id.* When the plaintiff seeks declaratory or injunctive relief, the amount in controversy is measured by "the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Pursuant to 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all . . . actions by or against them, be deemed citizens of the States in which they are respectively located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 312 (2006). The Supreme Court has determined that for purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office." *Id.* at 318. For a natural person, domicile can be established by showing presence (residence) plus the intent to remain permanently or indefinitely. *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

## DISCUSSION

Plaintiffs have moved to have this case remanded to Nevada state court claiming that the Court lacks subject matter jurisdiction. (Mot. to Remand (#6) at 3-8). In the alternative, Plaintiffs request that the Court abstain from hearing this matter, arguing that the case involves significant and novel issues of Nevada state law, and that the principals behind the *Rooker-Feldman* Doctrine favor abstention. For the following reasons, Plaintiffs' motion to remand and abstain is denied.

### I.      The Court Has Diversity Jurisdiction Over this Matter

The Court denies the motion to remand because the Court has diversity jurisdiction over this case. First, there is complete diversity between Plaintiffs and Defendants. Plaintiffs are residents of Nevada. (Compl. (#1-1) at 2). Plaintiffs do not dispute that Defendants Bank of

America and MERS are residents of North Carolina and Delaware, respectively. (Opp'n to Mot. to Remand (#14) at 2). Plaintiffs do however content that ReconTrust is a Nevada resident because in 2007 the Nevada Secretary of State's website listed ReconTrust as a dissolved domestic corporation. (Business Entity Information (#6-1)). Therefore, according to Plaintiffs, there is no complete diversity in this matter.

Yet a party's residency is to be determined at the time the complaint was filed and the removal effected. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). As of October 31, 2011, the records of the Office of the Comptroller of the Currency listed ReconTrust as a national bank headquarted in California. (Nat'l Banks List (#14-3) at 15). As ReconTrust is a national banking association, it is deemed a resident of the state in which it is headquartered. 28 U.S.C. § 1348*; see also Schmidt*, 546 U.S. at 307 n.1 (citing to the records of the Office of the Comptroller of the Currency as evidence of the headquarters of national banking associations). Because ReconTrust is currently headquartered in California and was headquarted in California at the time this action was originally filed and when it was removed to this Court, ReconTrust is a California resident. Consequently, there is complete diversity in this matter.

Second, the amount in controversy exceeds $75,000. Although Plaintiffs were careful not to request damages in excess of $75,000, Plaintiffs have asked for a declaratory judgment that none of the Defendants "have any interest in the above mentioned Note and Deed of Trust." (Compl. (#1-1) at 11). If a declaratory judgment is given, then Bank of America will be deprived of a note whose principal value is $120,000.00, which is secured by the Deed of Trust. (Deed of Trust (#14-2) at 1-2). Although the Property is currently only valued at $25,000, (Appraisal (#6-2)), and the 2009 amendments of NRS § 40.455(3) state that financial institutions are not entitled to a deficiency judgment on this type of a home loan secured by a deed of trust, this amendment does not apply to obligations secured by deeds of trust before October 1, 2009. Laws 2009, c. 310, § 3. The loan in this matter was secured in 2006, and consequently the amendment does not apply and Defendants may seek a deficiency judgment on the note. Because the value of the note to Defendants exceeds $75,000 and Plaintiffs are

seeking a declaration that Defendants have no interest in the note, the amount in controversy exceeds $75,000. Consequently, diversity jurisdiction exists in this case.

## II.    The Court Has Federal Question Jurisdiction Over this Matter

Plaintiffs' motion to dismiss is also denied because two of the causes of action in the complaint deal with federal questions. The majority of the causes of action in the complaint deal with state-law claims, including claims for wrongful foreclosure (count 1), slander of title (count 2), the tort of outrage (count 3), failure to follow statutory scheme (count 4), breach of contract (count 5), abuse of process (count 6), defamation/libel (count 9), and negligent infliction of distress (count 10). (Compl. (#1-1) at 8-11). However, two of Plaintiffs' causes of action—consumer fraud (count 7) and unlicensed debt collection (count 8)—involve federal questions.

In Plaintiffs' claim for consumer fraud, Plaintiffs allege that Bank of America "knowingly furnished false information to one or more credit reporting agencies in violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681-2(b)." (Compl. (#1-1) at 9). Plaintiffs claim that this violation of federal law serves as a predicate act for their claim that Bank of America violated NRS § 598.0923(3), which describes a deceptive trade practice as an action that violates a state or federal statute or regulation in connection with the sale or lease of goods or services. Although this is a state cause of action, for Plaintiffs to succeed on this claim a determination of federal law is required. Because the adjudication of the state cause of action turns on the construction of federal law, a federal question is presented and this Court accordingly has original jurisdiction over this claim. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) ("A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.' " (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)); *Nevada v. Bank of America Corp.*, 2011 WL 2633641, at *7 (D. Nev. 2011) (holding federal courts have original jurisdiction if the state-law claim turns on an interpretation of federal law).

Plaintiffs' eighth cause of action also presents a federal question. Plaintiffs allege that

6

ReconTrust did not have a foreign debt collector's license,[2] which they claim is a violation of NRS § 649.171 and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Compl. (#1-1) at 10). These violations, Plaintiffs claim, are deceptive trade practices in violation of NRS § 598.0923(1)-(4). (*Id.*). However, Plaintiffs again rely on the violation of a federal statute (the Fair Debt Collection Practices Act) as one of the bases of their state-law claim. Consequently, a federal question exists and this Court has subject matter jurisdiction over this claim.

As a federal question exists in two of Plaintiffs' ten causes of action and the state-law claims all arise out of the same case or controversy (namely, Defendants' filing of the notice of default), the Court has supplemental jurisdiction over the remaining state-law claims. This Court therefore has subject matter jurisdiction over all claims in this matter.

### III.    No Significant Reason Exists to Abstain

Plaintiffs finally contend that the Court should abstain from adjudicating this case under the *Rooker-Feldman* Doctrine and because the matter involves significant issues of state law that have not be addressed by the state courts.[3] (Compl. (#1-1) at 10 n. 8, 11-13). The

---

[2] It should be noted that Plaintiffs inconsistently allege that ReconTrust failed to obtain a foreign debt collector's license (which is not required for Nevada residents) and later alleges that complete diversity does not exist because ReconTrust is a Nevada resident.

[3] Plaintiffs have also argued in their reply that the *Burford* and *Younger* abstention doctrines may apply in this matter as well. (Reply (#15) at 6-7). As these arguments were not specifically raised in Plaintiffs' motion to remand, the Court will not consider them. *See United States v. Berry*, 624 F.3d 1031, 1040 n.7 (9th Cir. 2010). Even if the Court did consider these arguments, they would not apply to this case, as the State of Nevada has not concentrated suits involving the issues presented here in a particular court (required for *Burford* abstention) and because there is no pending state judicial proceeding on this matter (required for *Younger* abstention). *See Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991) (listing the factors for *Burford* abstention); *Middlesex Cnty. Ethics Comm. v. Garden*

*Rooker-Feldman* doctrine prevents a federal court from "considering claims that amount to a review of the state court's ruling." *Bax v. City of Sparks*, 2011 WL 1303154, *2 (D. Nev. 2011). Although Plaintiffs acknowledge that such is not the posture of this case, they contend this doctrine reflects the need for federal and state courts to respect one another and tread lightly on the other's sphere of influence. (Compl. (#1-1) at 11). However, Plaintiffs in their complaint have asserted causes of action which require the determination of federal law. Furthermore, the requirements for diversity jurisdiction have been satisfied. As this Court clearly has jurisdiction over these matters, it would not be invading the state's sphere of influence by hearing this case.

Finally, Plaintiffs claim this case involves novel and significant issues of state law and thus the matter should be remanded or at least certified to the Nevada Supreme Court so that the Supreme Court may address the issues. (*Id.* at 10 n.8). Plaintiffs do not specifically identify which issues they consider to be novel. The foreclosure issues presented in counts one, two, four, six, and eight have been addressed repeatedly by courts throughout the state and cannot be considered novel. This case also does not present any novel issues in count three for the tort of outrage (the elements of which the Nevada Supreme Court has laid out in *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981)), count five for breach of contract, count seven for consumer fraud, count nine for defamation/libel, and count ten for negligent infliction of distress. Because this Court has subject matter jurisdiction over this case and no compelling reason has been presented to abstain, the Court finds it is not necessary to abstain from hearing this matter.

**IV.    Attorney's Fees**

Finally, Plaintiffs have requested an award of attorney fees pursuant to 28 U.S.C. § 1447(c), which allows a court to grant expenses incurred as a result of removal upon remanding a case. As this case will not be remanded to Nevada state court, Plaintiffs' request for attorney's fees is denied.

---

*State Bar Ass'n*, 457 U.S. 423, 432 (1982) (listing the factors for *Younger* abstention).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' motion to remand (#6) is denied.

DATED: This 31st day of January, 2012.

_____
United States District Judge