**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADIL BAEZA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 3:11-cv-767-RCJ-VPC |
| | ) **ORDER** |
| BANK OF AMERICA N.A., et al., | ) |
| Defendants. | ) |
| _____ | ) |

Currently before the Court is a partial motion to dismiss (#3) all but one of the claims contained in the complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court grants the partial motion to dismiss (#3).

**BACKGROUND**[1]

On December 8, 2006, Plaintiffs Adil Baeza and Najwa El Bahi (collectively "Plaintiffs")

---

[1] Defendants have attached copies of relevant publicly recorded documents to their partial motion to dismiss. (*See* Exs. (##3-1 through -5)). This Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

Plaintiffs have similarly attached several copies of relevant documents to their complaint and incorporate them by reference. (Compl. & Exs. (#1-1) at 1-66). These documents may also be considered by the Court on a motion to dismiss without converting the motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

executed a deed of trust against real property located at 1404 E. 9th Street #6, Reno, Nevada 89512 in order to secure a $120,000 loan. (Deed of Trust (#3-1) at 2-4). The deed of trust named Nevada Federal Credit Union as lender, Ticor Title of Nevada as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender and lender's assigns and beneficiary. (*Id.* at 2-3). BAC Home Loans Servicing, LP ("BAC") later became the servicer of the loan and Plaintiffs began making the regular monthly payments to BAC. (Compl. (#1-1) at 5).

Plaintiffs later defaulted on the loan. (Compl. (#1-1) at 5). Plaintiffs then entered into negotiations to obtain a permanent loan modification under the Federal Home Affordable Modification Program. (*Id.*). On June 22, 2010, Plaintiffs executed a written modification agreement that was provided to them by BAC and signed by a representative of MERS. (Modification Agreement (#1-1) at 40-45).

Despite entering into the written modification agreement, BAC sent an acceleration letter to Plaintiffs on July 19, 2010. (Notice of Intent to Accelerate (#1-1) at 47). First American Title Insurance Company ("First American Title") then executed and recorded a notice of default on October 18, 2010. (Notice of Default (#1-1) at 49-50). First American Title claimed to be acting as agent of ReconTrust Company, N.A. ("ReconTrust"), which it claimed was an agent of the beneficiary. (*Id.* at 50).

MERS assigned all beneficial interest in the deed of trust to BAC on October 20, 2010. (Assignment of Deed of Trust (#3-2)). On the same day, BAC substituted ReconTrust as trustee of the deed of trust. (Substitution of Trustee (#3-3)).

Plaintiffs elected to pursue foreclosure mediation on October 22, 2010. (Election of Mediation (#1-1) at 62; Compl. (#1-1) at 7). Apparently upon realizing that Plaintiffs were not in default, ReconTrust rescinded the notice of default on January 10, 2011 and cancelled the mediation which was scheduled for January 24, 2011. (Rescission (#1-1) at 64; Email (#1-1) at 66). No further foreclosure proceedings have been pursued against Plaintiffs.

Plaintiffs filed a complaint in Nevada state court on September 21, 2011 against Bank of America, N.A.; ReconTrust; and MERS (collectively "Defendants"). (Compl. (#1-1) at 2).

The complaint contains ten causes of action, including: (1) wrongful foreclosure; (2) slander of title; (3) the tort of outrage; (4) failure to follow the statutory scheme contained in NRS § 107.080; (5) breach of contract; (6) abuse of process; (7) consumer fraud; (8) unlicensed debt collection; (9) defamation and libel per se; and (10) negligent infliction of distress. (*Id.* at 9-12). The complaint was later removed to this Court on October 21, 2011. (Pet. for Removal (#1)).

Defendants filed a partial motion to dismiss all claims contained in the complaint except for claim five for breach of contract pursuant to Fed. R. Civ. P. 12(b)(6) on October 28, 2011. (Partial Mot. to Dismiss (#3)). Plaintiffs then filed a motion to remand the action to state court on November 10, 2011 and the Court granted Plaintiff's request to extend Plaintiffs' time to file a response to the partial motion to dismiss until it ruled on the motion to remand. (Mot. to Remand (#6); Minute Order (#10)). The Court denied Plaintiffs' motion to remand on January 31, 2012. (Order (#18)). Plaintiffs then filed a timely response to the partial motion to dismiss on February 21, 2012 and Defendants filed a reply on March 2, 2012. (Opp'n to Partial Mot. to Dismiss (#20); Reply (#21)).

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and

all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Plaintiffs' first cause of action alleges that Defendants wrongfully foreclosed on the property. (Compl. (#1-1) at 9). Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Although Plaintiffs have pled that they were not in default of the mortgage loan after the modification agreement had been executed, Plaintiffs have failed to allege that Defendants exercised the power of sale. As Defendants rescinded the notice of sale and did not foreclose on the property, Plaintiffs have failed to state a claim for wrongful foreclosure.

The second cause of action for slander of title fails because Plaintiffs have not sufficiently alleged that the statements were made with malicious intent. Plaintiffs claim that Defendants slandered their title to the property by causing the notice of default to be recorded, knowing that they were unauthorized to foreclose. (Compl. (#1-1) at 9). To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Although it appears that the statements were false because Plaintiffs were not in default,

4

Plaintiffs have failed to allege that the notice of default was filed with malice. *See Higgins*, 744 P.2d at 531 (affirming the dismissal of a claim for slander of title where there was no proof that the party acted with malice). As Plaintiffs have not pled that the notice of default was filed maliciously, they have failed to state a claim for slander of title.

Plaintiffs allege in their third cause of action that Defendants committed the tort of outrage by filing a notice of default when Plaintiffs were not in default. (Compl. (#1-1) at 9). The necessary elements for the tort of outrage are "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello*, 625 P.2d 90, 92 (Nev. 1981). Plaintiffs have not alleged that the notice of default was filed with the intention of, or reckless disregard for, causing emotional distress. Plaintiffs have also not sufficiently alleged that they suffered severe emotional distress caused by the filing of the notice of default, but only allege that they suffered "needless anxiety, worry, upset and mutual distrust between [Plaintiffs]." (Compl. (#1-1) at 8). Plaintiffs' claim for the tort of outrage is accordingly dismissed.

In the fourth cause of action, Plaintiffs allege that Defendants failed to follow the statutory scheme proscribed in NRS § 107.080 by filing the notice of default without the proper authority. (Compl. (#1-1) at 9-10). However, this claim is inapposite as the notice of default was rescinded and no further foreclosure proceedings are pending. (Rescission (#1-1) at 64). Consequently, this cause of action is dismissed.

Defendants have not moved to dismiss Plaintiffs' fifth cause of action for breach of contract in their partial motion to dismiss. The Court therefore retains this cause of action.

Plaintiffs have failed to state a claim on their sixth cause of action for abuse of process because Plaintiffs have not pled any facts demonstrating that Defendants had an ulterior purpose in foreclosing, and because nonjudicial foreclosures are not considered "process" for the purposes of this tort. To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) willfully used the legal process in a manner that is not proper in the

regular conduct of the proceeding. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Yet Plaintiffs have pled no facts that would show Defendants had any ulterior motive in filing the notice of default, which was later rescinded. Additionally, nonjudicial foreclosures are not the type of "process" the tort of abuse of process was intended to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011). Plaintiffs' sixth cause of action consequently lacks merit and is dismissed.

In the seventh cause of action, Plaintiffs allege Defendants engaged in consumer fraud, which Plaintiffs claim constitutes a deceptive trade practice in violation of NRS § 598.0923(3). (Compl. (#1-1) at 10-11). Under the statute, a person engages in a deceptive trade practice when in the course of his or her business, he or she knowingly violates a state or federal statute or regulation relating to the sale or lease of goods or services. NEV. REV. STAT. § 598.0923(3). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Furthermore, NRS § 598 only applies to persons engaging in the sale of goods or services, not real estate transactions. *Reyes v. BAC Home Loans Servicing, LP*, 2012 WL 2367803, at *2 (D. Nev. 2012). NRS § 598.0923 accordingly does not apply and this cause of action is dismissed.

In Plaintiffs' eighth cause of action for debt collection violations under NRS § 649.370, Plaintiffs have failed to state a claim because Defendants are not debt collectors as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under the Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.' " *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As Defendants attempted to foreclose on the property pursuant to a deed of trust, they do not qualify as "debt collectors" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.[2]

Plaintiffs have also failed to state a claim in their ninth cause of action for defamation and libel per se. The complaint alleges that by recording the notice of default and publishing the default in Plaintiffs' credit reports, Defendants committed defamation and libel, per se. (Compl. (#1-1) at 11). "In order to establish a prima facie case of defamation, a plaintiff must prove: (1) a false and defamatory statement by defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993). Statements that are libelous per se do not require allegations of special damages because such statements are, by definition, "such that the court can legally presume that the party has been injured in his reputation or business or in his social relations or has been subjected to public scandal, scorn, or ridicule." *Talbot v. Mack*, 169 P. 25, 31 (Nev. 1917). A statement is libelous per se when its "injurious character is a fact of common notoriety and generally so

---

[2] Plaintiffs argue that their complaint alleges that Defendants are "collection agencies" rather than "debt collectors," and that the two are different under Nevada law. (Opp'n to Mot. to Dismiss (#20) at 3-5). Plaintiffs have provided no distinction between these terms, and regardless of what Plaintiffs now claim, their complaint clearly alleges that Defendants failed to obtain "a Foreign Debt Collector's license." (Compl. (#1-1) at 11).

7

understood where the utterance is published." *Id.* at 32.  For example, in actions for slander, spoken statements have been held to be defamatory per se where they impute that (1) the plaintiff has committed a crime; (2) the plaintiff is unfit to perform his business or employment; (3) the plaintiff has contracted a loathsome disease; or (4) the plaintiff is unchaste.  *Branda v. Sanford*, 637 P.2d 1223, 1225 (Nev. 1981).  The statements made in the notice of default and on Plaintiffs' credit reports do not concern any of the matters generally held to be actionable per se, and therefore Plaintiffs have failed to state a claim for defamation and libel per se.

Plaintiffs have also failed to state a claim on their tenth and final claim for negligent infliction of emotional distress.  A claim for negligent infliction of emotional distress requires proof of extreme or outrageous negligent conduct, the plaintiff suffering severe or extreme emotional distress, and actual or proximate causation.  *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386-87 (Nev. 1998).  "[I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented."  *Id.* at 1387.  Plaintiffs do not allege that they have suffered physical injury or illness resulting from the filing of the notice of default, but merely allege it caused them "needless anxiety, worry, upset and mutual distrust between [Plaintiffs]." (Compl. (#1-1) at 8).  As Plaintiffs have not pled physical injury or illness resulting from Defendants' actions, the complaint fails to state a claim for negligent infliction of emotional distress.

Finally, Plaintiffs have failed in their opposition to the partial motion to dismiss to dispute the arguments raised by Defendants in support of dismissal on the claims for slander of title (count two), the tort of outrage (count three), abuse of process (count six), defamation and libel per se (count nine), and negligent infliction of distress (count ten).  Local Rule 7-2(d) provides that, "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  Accordingly, Plaintiffs consent to the granting of the motion as to these claims and these causes of action are dismissed on

this alternative ground, without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the partial motion to dismiss (#3) is GRANTED. All claims in the complaint except for claim five for breach of contract are accordingly dismissed without leave to amend.

Dated: This 14th day of September, 2012.

_____
United States District Judge